NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAYMOND J. ZRODSKEY,** | **Civil Action No. 11-0283 (JAP)** |
| **Plaintiff,** | |
| v. | |
| **HEAD CLASSIFICATION OFFICER, et al.,** | **OPINION & ORDER** |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Raymond Zrodsky's Motion to Amend his Complaint [Docket Entry No. 62]. Though his motion papers are not entirely clear, the Court infers that Plaintiff seeks to amend his Complaint in order to assert causes of action against certain Defendants in their individual capacities; to assert "factual evidence that [Plaintiff's] rights were violated; to "testify that the defendants acted 'maliciously and sadistically'"; to "confirm that [Plaintiff] had no such injuries or mental ailments before this Complaint"; to establish that this Court has proper jurisdiction over this matter; and to add Warden C. O'Neill and Deputy Warden Kelly as named defendants. [Docket Entry No. 62 at 2-4] Defendants have not filed an opposition to Plaintiff's motion or any other responsive pleadings. The Court has fully reviewed the papers submitted in support of Plaintiff's motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's Motion to Amend his Complaint is DENIED without prejudice.

-1-

I.      **Background**

Plaintiff Raymond Zrodsky ("Plaintiff") is an inmate of the Somerset County Jail ("Jail"). On or about October 23, 2010 a fight broke out between Plaintiff and another inmate while Plaintiff was housed in Pod 2B.  Following a disciplinary hearing, Plaintiff was committed to disciplinary lockup in Pod 3E for ten (10) days.  Upon his release on November 1, 2010, Plaintiff was released from disciplinary lockup and was again housed in Pod 2B.  The parties disagree as to whether Plaintiff consented or objected to being housed in this section of the Jail.

On or about November 12, 2010, another fight occurred in Pod 2B which resulted in injuries to Plaintiff.  Plaintiff states that his jaw was broken, that he had surgery and received a metal plate implant which required four screws in his mouth, that he had to have teeth pulled and that he has several scars as a result of the fight occurring in Pod 2B.

Plaintiff asserts that he was improperly housed in Pod 2B despite the fact that Jail officials were aware of potential problems between Plaintiff and another inmate also housed in that section.  Plaintiff argues that his placement in Pod 2B and the subsequent injuries he incurred were the result of Defendants' negligence.  Plaintiff asserts that Defendants put his life in danger.  Further, Plaintiff states that he was instructed by a doctor outside of the Jail to take certain medications and to eat only pureed food.  Plaintiff contends that the Jail doctor, nurses, and other prison officials did not provide him with proper medication and did not provide him with adequate food.  Plaintiff asserts that he suffered from pain and that he lost nearly twenty (20) pounds as a result of his improper medical treatment.

These allegations serve as the basis for Plaintiff's Complaint, which was filed on January 14, 2011 [Docket Entry No. 1].  Since the time Plaintiff filed his Complaint, Defendants have

filed an Answer and a discovery schedule has been set.  In May and June, 2011, both parties filed Motions for Summary Judgment [Docket Entry Nos. 33, 43, 45].  However, those motions were administratively terminated due to Plaintiff's transfer to a new facility [Docket Entry No. 49]. Upon notification to the Court that Plaintiff had arrived at Southern State Prison, the Motions for Summary Judgment were deemed re-filed as of September 9, 2011 with a return date of October 3rd [Docket Entry No. 58].  The Motions for Summary Judgment now appear on the docket as Docket Entry Nos. 63,64, and 65.

On September 29, 2011, Plaintiff filed this motion in which he seeks to amend his original Complaint to assert causes of action against certain Defendants in their individual capacities; to assert "factual evidence that [Plaintiff's] rights were violated; to "testify that the defendants acted 'maliciously and sadistically'"; to "confirm that [Plaintiff] had no such injuries or mental ailments before this Complaint"; and to establish that this Court has proper jurisdiction over this matter; and to add Warden C. O'Neill and Deputy Warden Kelly as named defendants. The Motions for Summary Judgment are pending before the District Judge.

## II.    Analysis

In light of the fact that there are several Motions for Summary Judgement pending before the Court, Plaintiff's Motion to Amend is denied without prejudice.  He may properly re-file this motion after the summary judgement motions have been decided.

While the Court declines to address the merits of Plaintiff's Motion to Amend his Complaint, It will note that Plaintiff's pleadings are deficient.  As a general matter, once an amended complaint is filed, that document replaces all prior complaints.  *Snyder v. Pasack*

*Valley Hospital*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.").  However, courts must construe submissions by *pro se* plaintiffs broadly.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  It appears that Plaintiff intended to supplement his original Complaint with information provided in his motion papers submitted in support of his request for leave to file his Amended Complaint.

The Court notes that it has the authority to treat the amended complaint as supplementing, rather than replacing, the original Complaint.  *Dukes v. Lancer Insurance Co*., No. 08-4948, 2009 WL 3128467 (D.N.J., September 24, 2009).  However, in this case, the two documents (the original Complaint and the proposed Amended Complaint) are too varied in substance and form for the Court to accurately determine what Plaintiff intends to plead.  As noted above, Plaintiff's current motion is denied without prejudice.  Unless the Complaint is dismissed in its entirety, Plaintiff is free to re-file this Motion to Amend upon the outcome of the pending Motions for Summary Judgment.  Should he choose to do so, he is instructed that, along with his brief in support of his Motion to Amend, he must submit a proposed Amended Complaint which includes all of the claims and factual allegations to which he would like Defendants to respond and which he would like the Court to consider going forward.

/

/

/

/

/

## III.    Conclusion

For the reasons stated above, and for good cause shown

It is on this 23rd day of November,

ORDERED that Plaintiff's Motion to Amend is DENIED without prejudice; and it is

further

ORDERED that the Clerk of the Court shall terminate this motion [Docket Entry No. 62]

accordingly.


   s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**